UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAVANAH K. GUNDRUM,　　　　　　　　　No.: 1:24-cv-0017

　　　　　　　Plaintiff,

vs.

MERCYHURST UNIVERSITY,
MERCYHURST STUDENT HOUSING,
LLC, and JUDY SMITH,

　　　　　　　Defendants.

## COMPLAINT

Plaintiff Savanah K. Gundrum, by and through her attorneys Chad P. Shannon, Esquire, Madeline T. Stuchell, Esquire and Friday & Cox, LLC complains and alleges as follows:

### I.　PRELIMINARY STATEMENT

1.　This action arises out of the acts and omissions of the Mercyhurst Defendants and Defendant Judy Smith beginning on October 19, 2022, whereby the Defendants wrongfully, improperly and without due process of law and in violation of Pennsylvania State and Federal constitutions, laws and regulations, had Plaintiff involuntarily removed from the Mercyhurst campus, by virtue of her handicap and/or disability, where Plaintiff was a duly registered and enrolled undergraduate student in good standing. The Defendants further wrongfully, improperly and without due process of law and in violation of Pennsylvania State and Federal constitutions, laws and regulations evicted Plaintiff from the student dormitory where she resided and wrongfully barred her from returning to campus, on the basis of her disability and/or handicap. Defendants thereafter, conditioned Plaintiff's return to campus on her agreement to conditions not imposed upon students without her disability, constituting further discrimination. Furthermore, the

1

Mercyhurst Defendants refused to provide any reasonable accommodation to Plaintiff so that she may have an equal opportunity to use and enjoy her the University campus and her dormitory housing.

## II.  PARTIES

2.  Plaintiff, Savanah K. Gundrum, is an adult individual residing at 1018 East 3rd St., Erie, Erie County, Pennsylvania 16507. At all relevant times herein, Plaintiff was a student at Mercyhurst University suffering from a disability, or handicap, as those terms are defined under the Americans with Disabilities Act and Fair Housing Amendments Act.

3.  Defendant, Judy Smith, is an individual residing at 3210 Hidden Lane, Erie, Erie County, Pennsylvania 16506, and at all times relevant was employed as the Executive Director of Wellness at Mercyhurst University.

4.  Defendant, Mercyhurst University, is a Pennsylvania nonprofit corporation with a principal place of business located at 501 E. 38th St., Erie, Erie County, Pennsylvania 16504. At all relevant times herein, Defendant owned, operated, controlled and maintained a university, dormitories, police department, and healthcare system.

5.  Defendant, Mercyhurst Student Housing, LLC, is a Pennsylvania limited liability corporation with a principal place of business located at 501 E. 38th St., Erie, Erie County, Pennsylvania 16504. At all relevant times herein, Defendant owned, operated, controlled and maintained a university, dormitories, police department, and healthcare system.

6.  Hereinafter, Defendants, Mercyhurst University and Mercyhurst Student Housing, LLC shall be collectively referred to as Mercyhurst Defendants.

7.  At all relevant times, Mercyhurst Defendants acted through its respective agents, officers, administrators and employees, who in turn were acting within the scope of their authority

and employment in furtherance of the business of Mercyhurst Defendants. These agents, officers, administrators and employees include, but are not limited to, Judy Smith, Executive Director of Wellness at Mercyhurst University.

### III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this court by 42 U.S.C. § 3613(a)-(b) and by 28 U.S.C. §§ 1331, 1337, 1343, 2201. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the related state law claim for negligent undertaking and negligent infliction of emotional distress.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within the Western District of Pennsylvania.

### IV. FACTUAL ALLEGATIONS

10. In the Fall of 2022, Plaintiff matriculated as a Freshman at Mercyhurst University.

11. At the time of her admission, Plaintiff suffered from a disability, or handicap, as those terms are defined under the Americans with Disabilities Act and Fair Housing Amendments Act. Specifically, Plaintiff, has been diagnosed as having Post-traumatic Stress Disorder, Major Depressive Disorder, Generalized Anxiety Disorder and Attention-Deficit/Hyperactivity Disorder.

12. At all relevant times, Mercyhurst Defendants had actual knowledge of the fact that Plaintiff suffered from a disability, or handicap as those terms are defined under the Americans with Disabilities Act and Fair Housing Amendments Act.

13. At all relevant times, Mercyhurst University was a residential campus in that undergraduate students are required to live on campus unless they reside with a parent or guardian

within Erie County, absent the rare case in which an exemption to the residency requirement may be granted.

14. At all relevant times, Plaintiff was offered and accepted dormitory housing in Warde Hall, a university owned residential housing unit on the campus of Mercyhurst University, and resided here until October 20, 2022.

15. Although Plaintiff's parent and/or guardian resided in Erie County at all times relevant hereto, Plaintiff elected to reside in on-campus housing due to the abuse she endured at home which had caused her to become homeless prior to her residing on Mercyhurst University campus.

16. At all relevant times, Plaintiff was in good academic standing at Mercyhurst University.

17. Plaintiff has no history of violence towards others and has never displayed any indication that she poses a threat to others.

18. On Wednesday, October 19, 2022, Plaintiff swallowed a number of Hydroxyzine capsules before calling Mercyhurst University Police.

19. As a result of the aforementioned incident, Plaintiff was taken to the hospital where she received an evaluation of her mental health and it was determined that Plaintiff was not a threat to herself or others. Plaintiff was released on this same date.

20. Following Plaintiff's discharge, Plaintiff returned to Warde Hall on the campus of Mercyhurst University, but was unable to gain access to her dormitory without the aid of a staff member.

21. Once Plaintiff gained access to her dormitory, the staff member who had assisted her monitored her until Defendant's Executive Director of Wellness, Defendant Judy Smith,

arrived and verbally informed Plaintiff, without making any attempt to find Plaintiff a reasonable accommodation, that she would be required to vacate campus housing immediately.

22. Plaintiff, thereafter, pleaded to stay and informed Defendant Judy Smith that she did not have a safe place to stay, had severely limited finances, and had been homeless prior to attending Mercyhurst University. Defendant Judy Smith reluctantly permitted Plaintiff to spend the night in her dormitory, but informed her that she would be required to vacate the premises the very next morning, on October 20th, 2022.

23. As a result of Plaintiff's involuntary removal from Mercyhurst University campus, Plaintiff was caused to experience a severe disruption in her studies and was required to drop several classes, causing Plaintiff to no longer qualify as a full-time student and jeopardizing her ability to qualify for financial aid.

24. Plaintiff's involuntary removal from the University campus not only severely disrupted her academic studies, but it stripped Plaintiff of the only safe space she knew during a time in which she was most vulnerable, resulting in the exacerbation of Plaintiff's existing mental disorders.

25. Following Plaintiff's involuntary removal from the University campus, Plaintiff notified Defendant Judy Smith numerous times of her desire to return to campus, however, each time Plaintiff received a response indicating that her return was not guaranteed and would be predicated on various conditions and factors.

26. One such condition was that upon returning to Mercyhurst University campus, Plaintiff would be required to reside, not within University Housing, but within a Crisis Residential Unit.

27. Plaintiff informed Defendant Judy Smith that she had resided in the Crisis Residential Unit in the past, after she was the victim of a sexual assault, and did not wish to return there. Despite this, Defendant Judy Smith persisted that Plaintiff's return would be premised on her residing in a Crisis Residential Unit.

28. As a direct and proximate result of Plaintiff's involuntary removal from the Mercyhurst University's campus, Plaintiff suffered the following injuries, some or all of which may be permanent:

    a. Exacerbation of Plaintiff's existing mental disorders;

    b. Psychiatric pseudo seizures;

    c. Facial numbness;

    d. Emotional distress;

    e. Nervousness, emotional tension, anxiety and depression; and

    f. Other injuries to be proven at trial.

29. As a direct and proximate result of Plaintiff's involuntary removal from the Mercyhurst University's campus, Plaintiff suffered the following damages, some or all of which may be ongoing:

    a. Plaintiff has endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    b. Plaintiff has and will be required to expend large sums of money for treatment and care, including but not limited to, rehabilitation and therapeutic treatment, prescription medication and other attendant services.

30. As a proximate and direct result of the aforementioned acts, Mercyhurst Defendants, individually, and/or through the actions of their agents have effectively deprived

Plaintiff of her constitutional and statutory rights by implementing and executing policies and customs that excluded Plaintiff from full and equal participation and access to Mercyhurst University on the basis of unjustified fear, speculation and stereotype about her disability.

## V. CAUSES OF ACTION

### COUNT I
*Savanah K. Gundrum v. Mercyhurst Defendants*
**Violation of the American with Disabilities Act of 1990**

31. Plaintiff incorporates all of the foregoing allegations as if fully stated herein.

32. As a place of education, Mercyhurst Defendants student dormitories qualify as a "public accommodation" as the term is defined under the American with Disabilities Act, specifically 42 U.S.C. § 12181(7)(J).

33. At all relevant times, Plaintiff suffered from mental impairment which substantially limited one or more of her major life activities, had a record of such impairment and/or was regarded as having such impairment, and, as such, suffered from a "disability" as that term is defined under 42 U.S.C. § 12102 (1).

34. Mercyhurst Defendants' actions and practices described above violate Plaintiff's rights under Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12182 et. seq. in the following particulars:

   a. In discriminating against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of a place of public accommodation in violation of 42 U.S.C. § 12182 (a);

   b. In subjecting Plaintiff to a denial of the opportunity to benefit from the facilities, advantages, and accommodations associated with on-campus university housing, by virtue of her disability, in violation of 42 U.S.C. § 12182 (b)(1)(A)(i);

   c. In affording Plaintiff, on the basis of her disability, the opportunity to participate in or benefit from a good service, facility, privilege, advantage

    and/or accommodation that is not equal to that afforded to other individuals in violation 42 U.S.C. § 12182 (b)(1)(A)(ii);

d. In providing Plaintiff, on the basis of her disability, with a good, service, facility privilege, advantage, and/or accommodation that is different and separate from that provided to other individuals and not as effective as that provided to other individuals in violation of 42 U.S.C. § 12182 (b)(1)(A)(iii);

e. In failing to afford Plaintiff with goods, services, facilities, advantages, and accommodations in the most integrated setting appropriate for her needs in violation of 42 U.S.C. § 12182 (b)(1)(B);

f. In denying Plaintiff the opportunity to participate in such programs or activities that are not separate and different in violation of 42 U.S.C. § 12182 (b)(1)(C);

g. In utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability in violation of 42 U.S.C. § 12182 (b)(1)(D);

h. In excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to plaintiff, with whom Mercyhurst Defendants is known to have a relationship or association in violation of In utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability in violation of 42 U.S.C. § 12182 (b)(1)(E);

i. In imposing eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying any goods, services, facilities, privileges, advantages or accommodations in violation of 42 U.S.C. § 12182 (b)(2)(A)(i);

j. In failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities in violation of in violation of 42 U.S.C. § 12182 (b)(2)(A)(ii);

k. In evicting Plaintiff from her on-campus dwelling by virtue of her handicap;

l. In imposing conditions on Plaintiff's return to campus, uncontemplated by students without Plaintiff's handicap; and,

m. In implementing and executing policies and customs that have the purpose or effect of defeating or frustrating the accomplishment of the objective of its program with regard to individuals with disabilities, including Plaintiff.

35. As a direct and proximate result of Mercyhurst Defendants' violations of the Americans with Disabilities Act, Plaintiff has been caused to suffer from the injuries and damages set forth above.

WHEREFORE, Plaintiff demands compensatory and punitive damages against Mercyhurst Defendants, in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as may be determined by the Court.

## COUNT II
*Savanah K. Gundrum v. Mercyhurst Defendants*
**Violation of Section 504 of the Rehabilitation Act of 1973**

36. Plaintiff incorporates all of the foregoing allegations as if fully stated herein.

37. Plaintiff is, and at all relevant times was, a qualified individual with a disability as defined under Section 504 of the Rehabilitation Act, specifically 29 U.S.C. § 705 (20).

38. Mercyhurst University is a college or university receiving Federal financial assistance.

39. The Mercyhurst Defendants' actions and practices described above violate Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794 et. seq. in the following particulars:

   a. In excluding Plaintiff, solely by reason of her disability, from participation in Defendant's university in violation of 29 U.S.C. § 794 (a);

   b. In denying Plaintiff, solely by reason of her disability, the benefits of Defendant's university in violation of 29 U.S.C. § 794 (a);

   c. In evicting Plaintiff from her on-campus dwelling by virtue of her handicap;

   d. In imposing conditions on Plaintiff's return to campus, uncontemplated by students without Plaintiff's handicap;

   e. In failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

    f.    In providing Plaintiff, on the basis of her disability, with a good, service, facility privilege, advantage, and/or accommodation that is different and separate from that provided to other individuals and not as effective as that provided to other individuals; and,

    g.    In implementing and executing policies and customs that have the purpose or effect of defeating or frustrating the accomplishment of the objective of its program with regard to individuals with disabilities, including Plaintiff.

40. As a direct and proximate result of Mercyhurst Defendants' violations of Section 504 of the Rehabilitation Act, Plaintiff has been caused to suffer from the injuries and damages set forth above.

WHEREFORE, Plaintiff demands compensatory and punitive damages against Mercyhurst Defendants, in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as may be determined by the Court.

**Count III**
*Savanah K. Gundrum v. Mercyhurst Defendants*
**Negligent Undertaking**

41. Plaintiff incorporates all of the foregoing allegations as if fully stated herein.

42. At all relevant times, there existed a special relationship between Plaintiff and Mercyhurst Defendants, such that Mercyhurst Defendants owed Plaintiff a duty, in addition to and apart from any duty Mercyhurst Defendants owed to the public in general.

43. At all relevant times, Mercyhurst Defendants voluntarily undertook, gratuitously or for consideration, the rendering of mental health services to Plaintiff which Mercyhurst Defendants should have recognized as being necessary for the protection of Plaintiff's person.

44. At all relevant times, Plaintiff justifiably relied upon Mercyhurst Defendants to exercise a reasonable degree of care in rendering such services.

45. Mercyhurst Defendants, acting by and through its agents, servants, employees and/or ostensible agents, breached its duty of care in regard to the performance of the aforementioned undertaking in the following particulars:

   a. In evicting Plaintiff from her dormitory when Mercyhurst Defendants knew or should have known that doing so would increase the risk of both physical and mental harm occurring onto Plaintiff;

   b. In suddenly and without warning, preventing Plaintiff from continuing to meet with the therapist that had been provided to her by Mercyhurst Defendants when Mercyhurst Defendants knew or should have known that doing so would increase the risk of harm occurring onto Plaintiff;

   c. In providing inadequate mental health services to Plaintiff;

   d. In failing to recognize and appropriately respond to Plaintiff's psychological health and welfare, in light of her being a sexual assault victim suffering from PTSD;

   e. In failing to gather relevant information critical to the fair and objective assessment of Plaintiff's consideration for placement on Involuntary Leave;

   f. In placing Plaintiff on an involuntary leave of absence;

   g. In suddenly and forcibly removing Plaintiff from her dormitory when Mercyhurst Defendants knew or should have known that doing so would increase the risk of harm occurring onto Plaintiff;

   h. In forcibly removing Plaintiff from her dormitory when Mercyhurst Defendants knew or should have known that doing so would cause Plaintiff to be homeless;

   i. In suddenly and suddenly and forcibly removing Plaintiff from her dormitory without providing any warnings such that Plaintiff would have been able to find reasonable alternative accommodations;

   j. In placing Plaintiff at an increased risk of harming herself; and

   k. In conditioning Plaintiff's return on her agreement to reside in a Crisis Residential Unit, when Mercyhurst Defendants knew or had reason to know that Plaintiff had PTSD and associated such location with her prior sexual assault and reasonable alternative accommodations existed.

46. As a direct and proximate result of Mercyhurst Defendants' negligent performance of its undertaking to provide mental health services to Plaintiff, Plaintiff has been caused to suffer from the injuries and damages set forth above.

WHEREFORE, Plaintiff demands compensatory and punitive damages against Mercyhurst Defendants, in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as may be determined by the Court.

## COUNT IV
*Savanah K. Gundrum v Judy Smith and Mercyhurst Defendants*
**Intentional Infliction of Emotional Distress**

47. Plaintiff incorporates all of the foregoing allegations as if fully stated herein.

48. At all relevant times, there existed a special relationship between Plaintiff and Defendants, such that Mercyhurst Defendants and Defendant Judy Smith owed Plaintiff a duty, in addition to and apart from any duty Mercyhurst Defendants and Defendant Judy Smith owed to the public in general.

49. At all relevant times, Mercyhurst Defendants voluntarily undertook, gratuitously or for consideration, the rendering of housing and mental health services to Plaintiff which Mercyhurst Defendants and Defendant Judy Smith should have recognized as being necessary for the protection of Plaintiff's person.

50. Mercyhurst Defendants, acting by and through its agents, servants, employees and/or ostensible agents, including and Defendant Judy Smith, breached its duty of care in regard to the performance of the aforementioned undertaking in the following particulars:

   a. In evicting Plaintiff from her dormitory when Defendants knew or should have known that doing so would increase the risk of both physical and mental harm occurring onto Plaintiff;

   b. In suddenly and without warning, preventing Plaintiff from continuing to meet with the therapist that had been provided to her by Defendants when Defendants

12

        knew or should have known that doing so would increase the risk of harm occurring onto Plaintiff;

    c.    In providing inadequate mental health services to Plaintiff;

    d.    In failing to recognize and appropriately respond to Plaintiff's psychological health and welfare, in light of her being a sexual assault victim suffering from PTSD;

    e.    In failing to gather relevant information critical to the fair and objective assessment of Plaintiff's consideration for placement on Involuntary Leave;

    f.    In placing Plaintiff on an involuntary leave of absence;

    g.    In suddenly and forcibly removing Plaintiff from her dormitory when Defendants knew or should have known that doing so would increase the risk of harm occurring onto Plaintiff;

    h.    In forcibly removing Plaintiff from her dormitory when Defendants knew or should have known that doing so would cause Plaintiff to be homeless;

    i.    In suddenly and suddenly and forcibly removing Plaintiff from her dormitory without providing any warnings such that Plaintiff would have been able to find reasonable alternative accommodations;

    j.    In placing Plaintiff at an increased risk of harming herself; and

    k.    In conditioning Plaintiff's return on her agreement to reside in a Crisis Residential Unit, when Defendants knew or had reason to know that Plaintiff had PTSD and associated such location with her prior sexual assault and reasonable alternative accommodations existed.

51.    Defendants' immediate ejection of Plaintiff placed her in imminent danger of physical harm, unreasonably endangered her physical safety, and caused her to fear for her physical safety.

52.    Defendants' immediate eviction of Plaintiff from her dwelling while she was in the midst of a mental health crisis and had informed Defendants that she had no access to reasonable alternative accommodations constitutes extreme and outrageous conduct and caused Plaintiff severe emotional distress for which she has sought medical treatment.

WHEREFORE, Plaintiff demands compensatory and punitive damages against Mercyhurst Defendants and Defendant Judy Smith, in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as may be determined by the Court.

**A JURY TRIAL IS DEMANDED.**

        Respectfully submitted,

        _/s/ signature_

        Chad P. Shannon, Esquire
        Pa I.D. # 91212
        *cshannon@fridaylaw.com*

        Madeline T. Stuchell, Esquire
        Pa I.D. # 334611
        *mstuchell@fridaylaw.com*

        Attorneys for Plaintiff

        Friday & Cox LLC
        1405 McFarland Road
        Pittsburgh, PA  15216
        (412) 561-4290 (Phone)
        (412) 561-4291 (Fax)